IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL R. SHUCK,                          )
                                           )    2:12-cv-00177-GEB-EFB
                 Plaintiff,                )
                                           )
        v.                                 )    STATUS (PRETRIAL SCHEDULING)
                                           )    ORDER
SACRAMENTO COUNTY SHERIFF'S                )
DEPARTMENT, DEPUTY WALKER,                 )
DEPUTY NOFSINGER, DEPUTY COLE,             )
SGT. LEE, DEPUTY FANCHER, DEPUTY           )
MONTREULL, DEPUTY D. BRACE,                )
DEPUTY SCHUMAKER, and DOES 1-30,           )
                                           )
                 Defendants.               )
_____   )

        The status (pretrial scheduling) conference scheduled for
hearing on April 23, 2012, is vacated since the parties' Joint Status
Report filed on April 9, 2012 ("JSR") indicates the following Order
should issue.

                SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

        The parties state in the JSR, as follows:

                At the time of the writing of this status
        report, Plaintiff is preparing an amended complaint
        to clarify some issues, after which Defendants will
        answer said complaint (the parties previously
        stipulated to an extension of time for Defendants
        to file a responsive pleading pending the filing of
        an amended complaint by Plaintiff).

(JSR 2:13-16.)

Plaintiff also states in the JSR that he "anticipates identifying the names of the involved and supervising officers." Id. at 2:10-11. However, this statement fails to comply with Plaintiff's obligation under Rule 16 to provide meaningful information on when the referenced amendment would be sought. "Parties anticipating possible amendments . . . have an unflagging obligation to alert the Rule 16 scheduling judge of the . . . timing of such anticipated amendments in their status reports so that the judge can consider whether such amendments may properly be sought solely under the Rule 15(a) standard, and whether structuring discovery pertinent to the parties' decision whether to amend is feasible." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608.

Plaintiff has fourteen (14) days from the date this order is filed within which to file the referenced amended complaint. If he has not identified the Doe defendants in time to name them in the referenced amended complaint, he shall conduct discovery pertinent to identifying the Doe defendants forthwith, and is authorized to file a motion in which leave is sought under Federal Rule of Civil Procedure 15(a) to file an Amended Complaint substituting a named defendant in place of a Doe defendant provided that the motion in which leave is sought is filed no later than ninety (90) days from the date on which this order is filed; the motion shall be noticed for hearing on the earliest available regularly scheduled law and motion hearing date.

No further service, joinder of parties, or amendments to pleadings is permitted, except with leave of Court for good cause shown. If Doe defendants are not identified and named as stated, Does 1-30 will be automatically dismissed from this action.

1 | ADDED DEFENDANT'S OPPORTUNITY TO SEEK AMENDMENT OF THIS ORDER

2 |      If Plaintiff substitutes a named defendant in place of a Doe
3 | defendant, a copy of this Order shall be served on that defendant
4 | concurrently with the service of process.

5 |      That defendant has 30 days after said service within which to
6 | file a "Notice of Proposed Modification of Status Order." Although a
7 | newly-joined party's proposed modification filed within this thirty day
8 | period will not have to meet the good cause standard, no further
9 | amendments will be permitted, except with leave of Court for good cause
10 | shown.

11 | DISCOVERY

12 |      All discovery shall be completed by January 11, 2013. In this
13 | context, "completed" means that all discovery shall have been conducted
14 | so that all depositions have been taken and any disputes relative to
15 | discovery shall have been resolved by appropriate orders, if necessary,
16 | and, where discovery has been ordered, the order has been complied with
17 | or, alternatively, the time allowed for such compliance shall have
18 | expired.

19 |      Each party shall comply with Federal Rule of Civil Procedure
20 | 26(a)(2)(B) and (C)'s initial expert witness disclosure requirements on
21 | or before August 10, 2012, and any contradictory and/or rebuttal expert
22 | disclosure authorized under Rule 26(a)(2)(D)(ii) on or before September
23 | 10, 2012.
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

MOTION HEARING SCHEDULE

The last hearing date for a motion is March 11, 2013 commencing at 9:00 a.m.[1] A motion shall be briefed as prescribed in Local Rule 230.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied. A motion in limine addresses the admissibility of evidence.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for May 13, 2013 at 3:30 p.m. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that **non-trial worthy issues could be eliminated *sua sponte*** "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." Portsmouth Square v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a **JOINT** pretrial statement no later than seven (7) calendar days prior to the final pretrial conference. The joint pretrial statement shall address the applicable portions of Local Rule 281(b), and shall set forth each theory of liability ("claim") and affirmative defense which remains to be tried, and the ultimate facts on which each theory/defense is based. Furthermore, each party shall

---

[1]     This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1  estimate the length of trial.[2] The Court uses the parties' joint pretrial

2  statement to prepare its final pretrial order and could issue the final

3  pretrial order without holding the scheduled final pretrial conference.

4  See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999)("There is no

5  requirement that the court hold a pretrial conference.").

6          If feasible, at the time of filing the joint pretrial

7  statement counsel shall also email it in a format compatible with

8  WordPerfect to: geborders@caed.uscourts.gov.

9                          TRIAL SETTING

10         Trial shall commence at 9:00 a.m. on August 27, 2013.

11         IT IS SO ORDERED.

12 Dated:  April 12, 2012

13

14  _____
    GARLAND E. BURRELL, JR.

15  United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27 _____

28         [2]    If a trial by jury has been preserved, the joint pretrial
    statement shall also state how much time each party desires for voir
    dire, opening statements, and closing arguments.